**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                        No. 97-4438

RANDY CHRISTMAS, a/k/a Dough,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-95-198)

Submitted: March 31, 1998

Decided: April 21, 1998

Before MURNAGHAN and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Anne E. Shaffer, Charleston, West Virginia, for Appellant. Rebecca
A. Betts, United States Attorney, Monica K. Schwartz, Assistant
United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Randy Christmas pled guilty to one count of aiding and abetting the distribution of crack cocaine, see 21 U.S.C. § 841(a)(1) (1994), 18 U.S.C. § 2 (1994), and was sentenced to 360 months imprisonment. He appeals his sentence, contending that the district court clearly erred in finding that he attempted to obstruct justice by threatening or intimidating a witness who had provided information about him, see USSG § 3C1.1,* and in denying him an adjustment for acceptance of responsibility. See USSG § 3E1.1. We affirm.

While he was awaiting sentencing, Christmas was confined at the South Central Regional Jail. A fellow conspirator, Jerry Lee Adkins, was also confined there. Adkins was known to be cooperating with the investigation of the drug operation in which Christmas had been involved. As a result, the correctional officers had instructions to keep him and Christmas apart. On March 6, 1997, the two were inadvertently brought together in a hallway while Adkins was going to the visitation room and Christmas, who is six feet, eleven inches tall and weighs over 200 pounds, was on his way outside for recreation. This encounter was the basis for the probation officer's recommendation of an adjustment for obstruction of justice. He reported that Christmas "stomped his feet as if to charge Adkins. . . .[and] made a statement to the effect that he was not going to do life and when he got out, he would get his hands on Adkins." Christmas objected to the recommendation.

The incident was the subject of conflicting testimony at Christmas' sentencing hearing. Adkins testified about the incident and said he felt threatened, even after he and Christmas were separated because Christmas and his friends spread rumors through the jail that Adkins' family was in danger. Adkins also said he was menaced by a friend of Christmas a few days later. After that, he asked to be put in protective custody where he remained for several months.

_____

*U.S. Sentencing Guidelines Manual (1995).

2

The two correctional officers who were present at the foot-stomping incident also testified. Despite giving a contrary statement right after the incident, Officer Brookover testified at sentencing that she was unaware of any threat being made. Officer Leonard said he did not hear a threat but that Adkins looked like he had seen a ghost. Leonard said he thought Adkins baited Christmas by looking at him after being separated from him again, and that he encouraged Christmas to work off his feelings by yelling at Adkins. He acknowledged that Christmas lost his temper and that he would have felt threatened in Adkins' place. Drug Task Force Detective Harper testified that he interviewed Adkins and the two correctional officers soon after the incident and that all agreed that Christmas had threatened Adkins. The court also heard from an inmate who had been beaten by Christmas in an unrelated incident.

After considering all the evidence, the district court found that Christmas had in fact intimidated Adkins by making direct and indirect threats to him. See USSG § 3C1.1, comment. (n.3(a)). In support of its finding, the court noted that Adkins was known to be cooperating and was thus susceptible to intimidation, and that Christmas had the physical capacity to put others in fear and had shown a willingness to act against others.

We review the district court's factfinding for clear error. See United States v. Ramey, 24 F.3d 602, 609 (4th Cir. 1994). Christmas argues on appeal that the district court misunderstood the Adkins incident. He claims that Adkins was frightened by unexpectedly finding himself in close proximity to Christmas--something for which Christmas was not responsible--rather than by Christmas' actions. However, the record reveals that the court based the adjustment on Christmas' "actions or threats." Adkins testified that he continued to be afraid even after Christmas was separated from him and had himself placed in protective custody. On these facts, we find that the district court did not clearly err in making the adjustment.

Christmas also contends that the district court clearly erred in denying him an adjustment for acceptance of responsibility. The adjustment is not appropriate when a defendant has received an adjustment for obstruction of justice except in extraordinary cases. See USSG

3

§ 3E1.1, comment. (n.4). Christmas has not shown that his is such an extraordinary case.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4